UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
POSR A. POSR,

              Plaintiff,

  - against -

P.O. TULIO CAMEJO, Shield No. 16515,
INSPECTOR ANTHONY BOLOGNA, MICHAEL
R. BLOOMBERG, RAYMOND W. KELLY,
JOSEPH J. ESPOSITO, THE CITY OF NEW YORK
and CONNIE FISHMAN,

              Defendants.
------------------------------------------------------------X

07 CV 7583 (KPC)

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, POSR A. POSR, by his attorney, ALAN D. LEVINE, ESQ., as and for his complaint herein, hereby alleges as follows:

### JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the first, fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

### VENUE

4. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

### JURY TRIAL DEMAND

5. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

### PARTIES

6. At all times relevant hereto, plaintiff, POSR A. POSR, was and is a natural person, resident in the County, City and State of New York.

7. At all times relevant hereto, defendant P.O. TULIO CAMEJO, Shield No. 16515 (hereinafter "CAMEJO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

8. At all times relevant hereto, defendant INSPECTOR ANTHONY BOLOGNA (hereinafter "BOLOGNA") was and is a natural person, employed, at the time of the incidents alleged herein, as a Captain by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant MICHAEL R. BLOOMBERG (hereinafter "BLOOMBERG") was and is a natural person, employed as Mayor of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant RAYMOND W. KELLY (hereinafter "KELLY") was and is a natural person, employed as Commissioner of the Police Department of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant JOSEPH J. ESPOSITO (hereinafter "ESPOSITO") was and is a natural person, employed as Chief of the Police Department of defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

13. At all times relevant hereto, defendant CONNIE FISHMAN (hereinafter "FISHMAN") was and is a natural person, employed as President of the Hudson River

Park Trust.

14. Defendants CAMEJO, BOLOGNA, BLOOMBERG, KELLY and ESPOSITO, are sued in their individual capacities as well as in their capacities as employees of defendant CITY.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about August 31, 2004, at approximately 5:45 P.M., at or near the intersection of Union Square West and East 15th Street, in the County, City and State of New York, plaintiff was lawfully present, protesting certain policies of the United States government.

17. While plaintiff was engaged in the aforementioned political discussion, defendant BOLOGNA directed a group of police officers to surround plaintiff.

18. Plaintiff attempted to leave the aforementioned location, but was prevented from doing so by police officers acting pursuant to the orders of defendant BOLOGNA.

19. Plaintiff was placed under arrest by defendant CAMEJO, pursuant to the orders of defendant BOLOGNA.

20. Plaintiff was restrained with plastic handcuffs.

21. Plaintiff was charged with two counts of disorderly conduct and one count of harassment in the second degree, all of which are violations.

22. Plaintiff was transported to Pier 57 on the Hudson River, which is a facility owned, operated and maintained by the Hudson River Park Trust.

23. Once he had arrived at Pier 57, plaintiff had his personal property vouchered and was placed in a series of large pens made of chain link fencing.

24. Pier 57 is a former Metropolitan Transportation Authority bus garage. Pursuant to a written agreement between defendant CITY and the Hudson River Park Trust, it was being used during the 2004 Republican National Convention as a detention center for persons arrested while exercising their rights pursuant to the first amendment to the Constitution of the United States.

25. The floor of Pier 57, including all the portions thereof divided into holding pens, was covered with a thick, dark layer representing years of accumulated soot, diesel exhaust, petroleum residues and other substances.

26. Upon information and belief, the aforesaid layer of accumulated chemical grime on the floors of the pens in which plaintiff was held contained toxic and carcinogenic substances.

27. Although there were benches placed around the inner perimeter of the aforesaid pens, their seating capacity was woefully inadequate to accommodate the number of persons being held in each pen.

28. Consequently, plaintiff was forced to spend much of his time while incarcerated on the floor and, thus, in direct contact with the aforesaid toxic and carcinogenic grime.

29. After being held at Pier 57 for a period of time, plaintiff was transported to Manhattan Central Booking, a facility operated by the Police Department of defendant CITY, which is located at 100 Centre Street in the County, City and State of New York.

30. After being held for a period of time at 100 Centre Street, plaintiff was brought before a Judge of the Criminal Court of the City of New York and was released in her own recognizance.

31. All told, plaintiff was held until September 2, 2004.

32. On or about November 8, 2004, the charges against plaintiff were dismissed in the Criminal Court of the City of New York, County of New York.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS BOLOGNA AND CAMEJO
## (42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "32" hereinabove as if more fully set forth at length herein.

34. Defendants BOLOGNA and CAMEJO violated plaintiff's right to speak and peacefully assemble, guaranteed to him by the first and fourteenth amendments to the Constitution of the United States, in that, without any cause or provocation whatsoever, they arrested plaintiff while he was engaged in lawful activity involving the expression of political opinion.

35. Because of the aforesaid act committed by defendants BOLOGNA and CAMEJO, plaintiff suffered a deprivation of the liberty guaranteed to him by the first and fourteenth amendments to the Constitution of the United States and, as a result, was

denied the opportunity to freely express his opinions on a matter of public interest and importance.

36. By reason of the aforesaid unconstitutional and illegal actions taken against him by defendants BOLOGNA and CAMEJO, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BOLOGNA and CAMEJO.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS BOLOGNA AND CAMEJO
### (42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" hereinabove as if more fully set forth at length herein.

38. Defendants BOLOGNA and CAMEJO violated the right to due process of law guaranteed to plaintiff by the fourth and fourteenth amendments to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, falsely placed plaintiff under arrest, falsely imprisoned him and maliciously prosecuted him.

39. Defendants BOLOGNA and CAMEJO, upon information and belief, falsely, maliciously and wrongfully arrested plaintiff without first providing him with an opportunity to disperse.

40. Upon information and belief, defendants BOLOGNA and CAMEJO, did order plaintiff to disperse, but, when plaintiff attempted to comply with their

aforementioned order, nevertheless falsely, maliciously and unlawfully placed him under arrest.

41. Because of the aforesaid acts committed by defendants BOLOGNA and CAMEJO, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States and, as a result, suffered a loss of liberty, was denied the opportunity to freely express his opinions on a matter of public interest and importance, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his incarceration.

42. By reason of the aforesaid unconstitutional and illegal actions taken against him by defendants BOLOGNA and CAMEJO, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BOLOGNA and CAMEJO.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK (42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" hereinabove as if more fully set forth at length herein.

44. Pursuant to an official policy of defendant CITY OF NEW YORK, adopted by defendants BLOOMBERG, KELLY and ESPOSITO in order to suppress and abridge the rights guaranteed to plaintiff by the first and fourteenth amendments to the

Constitution of the United States, the processing of plaintiff's arrest was intentionally, purposely and maliciously delayed and the period of his imprisonment was intentionally, purposely and maliciously extended, so that, by the time he was released from incarceration, his opportunity to express his political beliefs and points of view during the Republican National Convention was lost.

45.  As a result of the implementation of the aforesaid official policy of defendants BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK, plaintiff suffered both a deprivation of the right to free speech guaranteed to him by the first and fourteenth amendments to the Constitution of the United States and a deprivation of his right to the due process of law guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that he, through no culpable conduct of his own, but solely because of the aforesaid policy of defendants BLOOMBERG, KELLY, ESPOSITO and CITY OF NEW YORK, was intentionally, purposely and maliciously deprived of his liberty and his opportunity to speak on matters of public interest and concern, and was confined for an illegal and unconstitutional length of time.

46.  By reason of the aforesaid unconstitutional and illegal official policy of defendants BLOOMBERG, KELLY, ESPOSITO and THE CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and FISHMAN
### (42 U.S.C. § 1983)

47.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" hereinabove as if more fully set forth at length

herein.

48. At a date prior to the incarceration of plaintiff at Pier 57, defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN approved the use of said facility as a place of incarceration for persons arrested while protesting during the Republican National Convention, including plaintiff.

49. At the time defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN approved the use of Pier 57 for the purpose of incarceration, as stated hereinabove, they were or should have been fully aware that said facility contained on its floor, on its walls, on its ceiling and in the air therein, dangerous levels of toxic and carcinogenic substances.

50. Defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN's act of approving the use of Pier 57 as a place of incarceration for persons arrested while protesting the Republican National Convention, including plaintiff, although they knew or should have known that the environmental hazards present therein posed an unreasonable risk of serious damage to the present and future health of persons confined therein, including plaintiff, demonstrates that they acted with deliberate indifference to the health and safety of all persons incarcerated therein, including plaintiff.

51. Defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN violated plaintiff's right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, they, knowing of the present and future risk to the health and safety of arrestees, including plaintiff, permitted Pier 57 to be used as a place for incarcerating persons

arrested during the Republican National Convention, including plaintiff, thereby exposing plaintiff to the aforesaid toxic and carcinogenic substances.

52. As a result of the aforesaid act committed by defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN, plaintiff suffered a deprivation of the right to the due process of law guaranteed to him by the fourteenth amendment to the Constitution of the United States and, as a result, suffered present physical and emotional injuries requiring medical and psychological treatment, suffered possible future injury likely to require medical and psychological treatment and reasonably anticipates having future expenses for injuries and illnesses arising from his incarceration.

53. By reason of the unconstitutional and illegal actions taken against plaintiff by defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN.

WHEREFORE, plaintiff, POSR A. POSR, demands judgment against defendants P.O. TULIO CAMEJO, Shield No. 16515, INSPECTOR ANTHONY BOLOGNA, MICHAEL R. BLOOMBERG, RAYMOND W. KELLY, JOSEPH J. ESPOSITO, THE CITY OF NEW YORK and CONNIE FISHMAN, as follows:

FIRST CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BOLOGNA and CAMEJO;

SECOND CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BOLOGNA and CAMEJO;

THIRD CAUSE OF ACTION:   One Million ($1,000,000.00) Dollars;

FOURTH CAUSE OF ACTION:  One Million ($1,000,000.00) Dollars and an additional One Million ($1,000,000.00) Dollars as punitive damages against defendants BLOOMBERG, KELLY, ESPOSITO and FISHMAN.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       August 23, 2007

*[signature]*

ALAN D. LEVINE (AL 3634)
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 1010
Kew Gardens, New York 11415
718-793-6363
File No. 2031