UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
POSR A. POSR,

                                      Plaintiff,

-against-

P.O. TULIO CAMEJO, Shield No. 16515, INSPECTOR
ANTHONY BOLOGNA, MICHAEL R. BLOOMBERG,
RAYMOND W. KELLY, JOSEPH J. ESPOSITO, THE
CITY OF NEW YORK, and CONNIE FISHMAN,

                                      Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

07 CV 7583 (RJS)(JCF)

       Defendants TULIO CAMEJO, ANTHONY BOLOGNA, MICHAEL R. BLOOMBERG, RAYMOND W. KELLY, JOSEPH J. ESPOSITO, THE CITY OF NEW YORK, and CONNIE FISHMAN, by their attorneys, Michael A. Cardozo, Corporation Counsel for the City of New York, as and for their answer to plaintiff's Complaint (the "Complaint"), respectfully allege as follows:

### AS TO "JURISDICTION"

       1.    Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to seek the relief as stated therein.

       2.    Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

       3.    Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO "VENUE"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff purports that venue is proper.

## AS TO "JURY TRIAL DEMANDED"

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff demands a jury trial.

## AS TO "PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint, except admit that, on or about August 31, 2004, Tulio Camejo was employed by the City of New York.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "8" of the Complaint, except admit that, on or about August 31, 2004, Anthony Bologna was employed by the City of New York.

9. Defendants deny the allegations set forth in Paragraph "9" of the Complaint, except admit that Raymond Kelly is the Police Commissioner for the City of New York.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except admit that Michael R. Bloomberg is the Mayor of the City of New York.

- 3 -

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint, except admit that, on or about August 31, 2004, Joseph J. Esposito was employed by the City of New York.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint, except admit that Defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint, except admit that, on or about August 31, 2004, Connie Fishman was employed by the Hudson River Park Trust ("HRPT").

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

## AS TO THE "FACTS COMMON TO ALL CAUSES OF ACTION"

15. In response to the allegations set forth in paragraph "15" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admit that on August 31, 2004, plaintiff was arrested.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit that on August 31, 2004, plaintiff was arrested.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint, except admit that the HRPT entered into an agreement with the City of New York regarding the use of Pier 57.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint, except admit that there were benches in holding pens to accommodate detainees.

- 5 -

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

**AS TO THE "FIRST CAUSE OF ACTION
AGAINST DEFENDANTS BOLOGNA and CAMEJO (42 U.S.C. § 1983)"**

33. In response to the allegations set forth in paragraph "33" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

## AS TO THE "SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS BOLOGNA and CAMEJO (42 U.S.C. § 1983)"

37. In response to the allegations set forth in paragraph "37" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

38. Defendants deny the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny the allegations set forth in paragraph "40" of the Complaint, except admit that plaintiff was ordered to disperse.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

## AS TO THE "THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and THE CITY OF
## NEW YORK (42 U.S.C. § 1983)"

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

44. Defendants deny the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny the allegations set forth in paragraph "46" of the Complaint.

## AS TO THE "FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS BLOOMBERG, KELLY, ESPOSITO and FISHMAN
## (42 U.S.C. § 1983)"

47. In response to the allegations set forth in paragraph "47" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

54. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

55. There was probable cause for Plaintiff's arrest, detention, and/or prosecution.

## THIRD AFFIRMATIVE DEFENSE

56.   Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

57.   Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

58.   Punitive damages cannot be recovered as against the defendants; and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

## SIXTH AFFIRMATIVE DEFENSE

59.   Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## SEVENTH AFFIRMATIVE DEFENSE

60.   At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and employees, and any and all defendants, acted reasonably in the proper and

lawful exercise of his discretion.  Therefore, Defendant City of New York is entitled to governmental immunity from liability.

### EIGHTH AFFIRMATIVE DEFENSE

61.  Plaintiff's claims are barred, in part, by his failure to comply with the conditions precedent to suit including, but not limited to, N.Y. General Municipal Law §50-e and §50-i.

### NINTH AFFIRMATIVE DEFENSE

62.  Plaintiff's claims are barred, in part, by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

63.  There is no personal jurisdiction over the defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

64.   To the extent Defendants used any force, it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### TWELFTH AFFIRMATIVE DEFENSE

65.   Plaintiff failed to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

66.   Plaintiff consented to the acts about which he complains.

### FOURTEENTH AFFIRMATIVE DEFENSE

67. Plaintiff's claims are barred, in whole or in part, by his contributory or comparative negligence and by his assumption of the risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

68. Plaintiff lacks standing to demand declaratory or injunctive relief.

### SIXTEENTH AFFIRMATIVE DEFENSE

69. At all times relevant to the acts alleged in the Complaint, plaintiff was not engaged in any form of speech which is protected by the First Amendment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

70. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### EIGHTEENTH AFFIRMATIVE DEFENSE

71. Plaintiffs has not complied with the conditions precedent to suit.

### NINETEENTH AFFIRMATIVE DEFENSE

72. Plaintiff provoked the incidents of which he complains.

### TWENTIETH AFFIRMATIVE DEFENSE

**73.** Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

74. Any force used by defendants was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others

### TWENTY-SECOND AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in party, by the doctrine of laches.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

76. Plaintiff lacks standing to demand declaratory or injunctive relief.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       October 29, 2007

    MICHAEL A. CARDOZO
    Corporation Counsel of the City of New York
    *Attorney for Defendants*
    100 Church Street, Room 3-197
    New York, New York 10007
    (212) 788-1570

By:  /s/
     Cheryl L. Shammas (CS 4108)
     Assistant Corporation Counsel

Index Number 07 CV 7583 (RJS)(JCF)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| POSR A. POSR,<br><br>                              Plaintiff,<br><br>               -against-<br><br>P.O. TULIO CAMEJO, Shield No. 16515, INSPECTOR ANTHONY BOLOGNA, MICHAEL R. BLOOMBERG, RAYMOND W. KELLY, JOSEPH J. ESPOSITO, THE CITY OF NEW YORK, and CONNIE FISHMAN,<br><br>                              Defendants. |
| **ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>100 Church Street<br>New York, N.Y.  10007<br>*Of Counsel: Cheryl L. Shammas*<br> Tel:  (212) 788-1570<br> Fax:  (212) 788-9776<br> NYCLIS No. |
| *Due and timely service is hereby admitted.*<br>*New York, N.Y.  .................................................. ,*<br>*.................................................................... Esq.*<br>*Attorney for City of New York* |

- 12 -